Per Curiam.

Upon the argument of this case, several questions were raised and discussed, which it will be unnecessary now to notice, as we think the cause must be sent back to another trial,, because Bowker, a witness offered on the part of the plaintiff, was excluded, after being released. The objection to the release, that it was not executed by both the plaintiffs, was not well founded; one partner may release a debt due to the firm. It is a general principle of law, that when two have a joint personal interest, the release of one hairs the other. (3 Johns. Rep. 70., and cases there cited.) Nor was this release void, or insufficient, by reason of the exception contained in it. The witness himself made no objection to being examined ; and after the release, with the exception which it contained, the interest of the witness was against the party calling him. He was interested to defeat the plaintiff’s claim altogether, for in that event, and with the release he had, he was completely exonerated from the payment of any part of this demand, in *391 e.vcry possible way, either individually or with others. The defendants objected to Bowicer, because the plaintiffs, claimed in this suit, money received for lard sold in Ganada, and for which they, the defendants, insisted Bowkcr and Reynolds were alone iiablc~ If this allegation was true, the witness, before the was given, was interested to throw this claim upon the defendants. But the release discharged him from any claim for this money, either individually, or with Reynolds; all the interest left was against the plaintiffs; for if they recovered in this action, and Bowicer was a partner with the defendants, he would be bound to contribute his share of the recovery. The motion for a new trial must, therefore, be granted, with costs, to abide the event.
New trial granted.