## George Gould vs. Charles Gould.

A cause of action for the conversion by the defendant of funds intrusted to him as an agent, for which he has not accounted to his principal, is assignable.

Such a cause of action would survive to the personal representatives.

J. G., the sister of the defendant, deposited funds with him, to be invested for her benefit. He invested them in certain stocks and bonds, which he afterwards sold, at a profit. He pretended to invest the proceeds in the purchase of certain city and rail road bonds, but instead of purchasing the same, he was himself the owner of such bonds, at the time, and merely charged the same to J. G., without her previous knowledge or assent, and appropriated the proceeds of the stocks and bonds, first sold, to his own use. He also overcharged J. G. for rail road bonds, which he claimed to have purchased for her, fraudently retaining the amount of the overcharge. He collected interest on the bonds, for which he never accounted; and he procured from her a release, discharging him from all liability to her on account of the use of the trust moneys by him, which was obtained by fraud and concealment, and executed in ignorance of the facts, and of her rights; Held, on demurrer, that these facts showed an illegal appropriation by the defendant of the funds intrusted to him, within the principle of the case of Conkey v. Bond, (34 Barb. 276;) and that the complaint stated a good cause of action.

Held also that the allegations in respect to the release executed by J. G. were entirely sufficient to avoid it.

Where an agent has duties to perform towards his principal, in the nature of a trust, he falls within the suspected relation, and the law indulges the presumption of fraud, against a release procured by him from his principal, although no fraud is visible to the eye of the court.

One cannot act for himself as vendor, and as agent for another, as purchaser, in transferring securities.

APPEAL from a judgment rendered at a special term, overruling a demurrer to the complaint. The complaint alleged that some time in or about the year 1850, Julia Gould, the sister of the plaintiff and of the defendant, deposited with said defendant, as her trustee, a sum or sums of money owned and possessed by her at the time, and which the defendant engaged to take charge of as such trustee, and invest on her behalf in proper and safe securities, and account to her for the same ; that said defendant, some time thereafter, invested said money, on behalf of said Julia Gould, in the

Gould *v.* Gould.

stock of the Tonawanda Rail Road Company; that on account of said Julia Gould, some time thereafter, said stock was converted into thirty-five shares of the New York Central rail road stock, the par value of each share being $100, and also $1400 in the bonds of said company; that afterwards the defendant sold, on account of said Julia Gould, said thirty-five shares of the New York Central rail road company stock, and said $1400 of bonds, and realized therefrom the sum of five thousand one hundred and sixty-six dollars, the stock having been sold for the sum of $110 per share, and said bond or bonds for the sum of $1316; that the defendant pretends that he, with the proceeds of said New York Central rail road stock, and bond or bonds, purchased for account of said Julia Gould, Alton city bonds, and a Michigan Southern Jackson Branch bond—the former at the rate of 85 per cent, and the latter at $950, or 95 per cent. But the plaintiff averred that said investment, if made, was made without previous consultation with said Julia Gould. The plaintiff further alleged that the defendant further pretended that he exchanged said Alton city bonds and Michigan Southern Jackson Branch bond, for account of said Julia Gould, for the Chicago and Mississippi rail road bonds. But the plaintiff averred that said exchange of Alton city bonds and the Michigan Southern Jackson Branch bond was without previous consultation with said Julia Gould. That it is not true that the defendant invested the proceeds of said New York Central rail road stock and bonds of said company in the purchase, on account of said Julia Gould, of Alton city bonds and said Michigan Southern Jackson Branch bond; but the plaintiff averred that the defendant, at the time or times of said pretended purchases or investments in said Alton city bonds and Michigan Southern Jackson Branch bond, was himself the holder or owner of said bonds, and merely charged the same to the said Julia Gould, without her previous knowledge or assent, and appropriated to his own use the funds or proceeds of said New York Central rail road

stock and said bonds of the company. That the defendant charged, on the 26th of November, 1853, to said Julia Gould, the sum of $950, as paid by him for the said Michigan Southern Rail Road Jackson Branch bond, whereas the market value of the same at the time was only $800, and which said bond the plaintiff averred was not purchased on account of said Julia Gould, but was the property of the defendant, and he appropriated the funds of said Julia Gould to his own use, and charged the said bond to her; or, if the same was purchased by the defendant for said Julia Gould, the same was purchased for no other price than that of $800; and that the defendant had fraudulently overcharged Julia Gould for said bond the sum of $150, and had fraudulently retained that amount and refused to credit her therewith. That in the same manner the defendant charged, on the 1st of March, 1854, and seeks to charge to said Julia Gould, the sum of $3400, being at the rate of 85 per cent for so much paid by him, on account of said Julia Gould, for the Alton city bonds, being four of $1000 each; whereas the market price of the same at the time was only $2400, or 60 per cent, and which was the sum, if any, paid by him, whereby the defendant had fraudulently overcharged said Julia Gould the sum of $1000, and had retained that amount. That the defendant pretends that on the 22d of November, 1853, he sold, for account of said Julia Gould, $1400 of the said New York Central rail road bonds, hereinbefore mentioned, for $1316, being at the rate of 94 per cent, whereas the market price of said bonds at the time was 95¼ per cent; and he realized from said sale the sum of $1333.50, and has thereby fraudulently and unjustly deprived her of the sum of said difference, being $17.50, with interest. That the defendant, on or about the 7th of April, 1854, exchanged with the Chicago and Mississippi Rail Road Company eight bonds of the Michigan Southern Rail Road Jackson Branch of $1000 each, and twenty-two Alton city bonds of $1000 each, which included those hereinbefore mentioned as charged to

Gould *v.* Gould.

said Julia Gould, and that he received in exchange bonds of the Chicago and Mississippi Rail Road Company, and a balance of $80 in cash, and had refused to account with said Julia Gould or the plaintiff for the one-sixth part, or $13.33, of said sum so received, and thereby had fraudulently and unjustly withheld that amount, and neglected and refused to credit said Julia Gould with the same, and fraudulently concealed from her the same. That the defendant, on or about the first day of March, 1854, collected the sum of $240, being interest on $4000 of the Alton city bonds, and which sum was so received for and on behalf of said Julia Gould, but which the defendant fraudulently concealed from the knowledge of said Julia Gould, and for which he has never accounted to her or the plaintiff. That about the 29th of September, 1859, the defendant applied to Julia Gould to exchange said $4500 Chicago and Mississippi rail road bonds for bonds of the Hannibal and St. Joseph Rail Road Company, of the nominal value of $4500, but only of the actual value of 60 per cent ; and also, in consideration and as a condition of such exchange, required said Julia Gould to release him, the said Charles Gould, from any and all claim and demand, either legal or equitable, growing in any manner out of the use by said Charles Gould of the said moneys of said Julia, or the proceeds thereof, so held by him as her trustee aforesaid. That thereupon said Julia Gould did receive from said Charles Gould bonds of the Hannibal and St. Joseph Rail Road Company, and did allow him to retain as his own, in his own hands, the said Chicago and Mississippi rail road bonds in exchange therefor, and did execute the release, under seal, which said Charles Gould and his counsel had prepared, and which was of the tenor and effect before stated. That the defendant fraudulently, and by an abuse of the confidence of said Julia Gould, and by taking an undue advantage of her situation, and by having concealed from her the facts in relation to the items which he had over-

charged to said Julia Gould, or neglected to credit to her, as before stated, did obtain from her the execution and delivery of the said release, the said Julia Gould at the time having no knowledge of the said several items, or her claim arising from the same, against the defendant. That said release contains false recitals, inserted therein by the defendant, from a fraudulent design of said defendant against Julia Gould, and with the falsity and design of which said Julia Gould was unacquainted at the time of the execution and delivery of said release. That the said defendant had never rendered an account to the said Julia Gould or the plaintiff of his said trust, or the transactions connected therewith. That Julia Gould, on or about the 27th day of April, 1861, for a valuable consideration, assigned in writing to the plaintiff all claim and demand which she had against the defendant, arising out of the transactions before mentioned, and that the plaintiff is now the owner of such claim and demand, and the real party in interest therein and in this action. That said Julia Gould and the plaintiff only discovered within the year 1860 the said items and fraud of the defendant, before stated. The plaintiff demanded judgment that the defendant account` with him, as the assignee of Julia Gould, for the said moneys so intrusted to the defendant by said Julia Gould, or received by him on her account, and for the securities in which the same were invested; and that, if necessary, it be referred to some proper person as a referee to take such account, and that in taking such account the said several items of over-charge and omissions of credit to said Julia Gould might be charged against the defendant, with proper interest thereon; and that upon the coming in of the report of said referee, the plaintiff might have judgment against the defendant for any balance reported against him, and for general relief.

The defendant demurred to the complaint, and stated the following grounds of demurrer: *First.* That said complaint does not state facts sufficient to constitute a cause of action. *Second.* That the alleged cause of action set forth in said

complaint is not assignable. *Third.* That the plaintiff is not entitled to maintain the same as assignee.

Judgment for the plaintiff on the demurrer, with leave to the defendant to answer.

*Wm. H. L. Barnes,* for the appellant.

*Mann & Rodman,* for the plaintiff.

*By the Court,* MASON, J. There is no doubt but that this cause of action is assignable. (*McKee* v. *Judd,* 2 *Kernan,* 622. *People* v. *Tioga Common Pleas,* 19 *Wend.* 73. *Hoyt* v. *Thompson,* 1 *Seld.* 347.) There is no doubt that such a cause of action would survive to the personal representatives. This, indeed, was admitted upon the argument by the defendant's counsel; and if it be so, the claim was certainly assignable. (*Zabriskie* v. *Smith,* 3 *Kernan,* 322. *Quin* v. *Moore and others,* 15 *N. Y. Rep.* 432.) The complaint alleges the deposit of funds in the hands of the defendant, to be invested by him, &c. for the benefit of the plaintiff; that the defendant did invest in the New York Central rail road stocks and bonds, and afterwards sold the same and realized therefrom $5166. The allegations in folios 5, 6 and 7 of the complaint show an illegal appropriation of these funds, within the principle of the case of *Conkey* v. *Bond,* (34 *Barb.* 276.) If the complaint had stopped at this point, there is no doubt a good cause of action would have been stated; and I am of opinion that what follows does not take it away. There are, it seems to me very clearly, facts stated in this complaint constituting a good cause of action against the defendant; and the allegations in regard to the release executed by the plaintiff are entirely sufficient to avoid it. Upon the facts stated in the complaint the defendant cannot be regarded as technically a trustee, but is, as the judge at special term held, an agent of the plaintiff, having duties to perform towards the plaintiff in the nature of a trust, and

where certainly he falls within the suspected relation. In such case the law indulges the presumption of fraud against this release, although it is not visible to the eye of the court. The defendant could not act in the capacity of agent for the plaintiff, and vendor for himself, in transferring these bonds, &c. (14 *N. Y. Rep.* 85. 20 *Barb.* 468.) But it is not necessary to place the case upon this ground ; for the complaint alleges that the release was procured by fraud, and states facts showing it.

I advise the affirmance of the judgment of the special term.

Judgment affirmed.

[NEW YORK GENERAL TERM, February 3, 1862. *Leonard, Mason* and *Clerke,* Justices.]