## BEATSON & a. v. HARRIS.

A release of a suit or cause of action by one of two plaintiffs, copartners, made by a fraudulent connivance with the defendant, is void.

Assumpsit, for goods sold.    The plaintiffs had been former partners in business, and sold the goods to the defendant, who owed for them when the suit was brought.    After the action was entered and before the next term of court, Messer, one of the plaintiffs, indorsed upon the summons served on the defendant,

over the partnership signature, made by him, that all claims embodied in the suit were settled, and the action was to be entered neither party at the next term of court.  The plaintiffs claimed that the release was obtained by fraud, and, upon evidence excepted to by the defendant, the referee found that Beatson furnished all the capital of the firm, which had been dissolved more than two years when the suit was brought.  Messer was insolvent and indebted to Beatson, who had an understanding with Messer that he was to collect the accounts of the firm, and thus far he had done so.  The defendant went twice to see Messer before he obtained the release.  It was obtained without the payment of any money, but " upon a certain agreement then made."  The defendant did not see Beatson, because he knew he could not settle with him without paying the claim, and Beatson did not know of nor assent to the release of the action.  Both parties move for judgment.

*H. Holt*, for the plaintiffs.

*H. W. Parker*, for the defendant.

ALLEN, J.   In personal actions having more than one plaintiff, a release by one of the plaintiffs is a defence *(Kimball* v. *Wilson,* 3 N. H. 100, *Clark* v. *Dinsmore,* 5 N. H. 140); and a release by one partner of an action in favor of a partnership binds the firm. *Pierson* v. *Hooker,* 3 Johns. 68 ; *Bulkley* v. *Dayton,* 14 Johns. 387 ; *People* v. *Keyser,* 28 N. Y. 226, 228 ; 1 Pars. Cont. 186, 187.   But fraud vitiates all contracts, and a release given by the fraud of one partner, or obtained through the fraud of the defendant, or through the fraudulent connivance of one partner with the defendant, could not be upheld against the firm.   *Morse* v. *Bellows,* 7 N. H. 549, 567; *Noyes* v. *N. H. N. L. & S. R. Co.,* 30 Conn. 1; *McBride* v. *Hagan,* 1 Wend. 326 ; *Gould* v. *Gould,* 36 Barb. 270 ; *Smith* v. *Stone,* 4 G. & J. 310 ; 1 Pars. Cont. 187.

Fraud has not been found in express terms, but the facts which are found, coupled with omissions, are too significant to admit of any reasonable explanation consistent with good faith on the part of Messer and the defendant.  The claim sued for was due. Messer was insolvent, owed Beatson, and knew that this claim with others belonged to him, and that he, Messer, had no authority to collect it.   The defendant went repeatedly to Messer before he obtained the release, but did not try to settle with Beatson because he knew he could not without paying the claim.   He knew the claim was due, and must have known, or ought to have known, of Beatson's sole authority and Messer's want of authority to collect or adjust the claim.   No money was paid on account of the release, and it does not appear that anything else than money was paid, or agreed to be paid, nor what the " certain agreement " was; whether it was of any value as a consideration for the release, and if so,

whether or not the partner, Messer, was to receive the benefit of it on his private individual account.    The silence of the report on the subject of the agreement is eloquently suggestive, and no other conclusion can be arrived at than that the release was obtained without any legal consideration.    Want of authority on the part of Messer to give the release, known to the defendant, and want of a legal consideration for the release, destroyed its force and made it void.

*Judgment on the report for the plaintiffs.*

STANLEY, J., did not sit : the others concurred.