[No. 5,882.—In Bank.]

## GEORGE W. DURKEE v. THE CENTRAL PACIFIC RAILROAD COMPANY.

DAMAGES — NEGLIGENCE—PARENT AND CHILD.—In an action by a father against a person negligently causing a personal injury to his child, he can recover such damages only as he has himself sustained; leaving to the infant a further right of recovery of such damages as are personal to himself.

ID.—ID.—ID.—INSTRUCTIONS.—In such action, it is error to instruct the jury that their verdict should be the amount of money which would compensate the child for his injuries.

ID.—ID.—ID.—ID.—In such action, it is proper to instruct the jury that the plaintiff is not entitled to recover damages for the pain or suffering which his son experienced from the injuries which he received, or for his disfigurement therefrom.

APPEAL from a judgment, and order denying a new trial, in the Third District Court for Alameda County. McKEE, J.

The facts are stated in the opinion.

*McAllister & Bergin,* and *S. W. Sanderson,* for Appellant.

The charge was especially erroneous, because it declares in effect that the father may recover upon the son's cause of action, and recover the same damages which the son might have recovered.

*A. M. Crane,* and *John Haynes,* for Respondent.

The plaintiff is the trustee of his infant son, vested by the statute with the right to sue in the capacity of parent. The judgment in this case would be a bar to an action brought by the son.

MORRISON, C. J.:

This is an action by plaintiff to recover damages of defendant for an injury to the infant son of plaintiff, alleged to have been caused carelessly and negligently by the servants and employees of the defendant. It appears, from the evidence in the case, that, on the 2nd day of July, 1876, Milton W. Durkee, the son of the plaintiff, aged about five and a half years, was run over by an engine belonging to and at the time in the ser-

vice of the defendant, and was so severely injured that amputation of both his feet became necessary. Verdict for $10,000 damages.

It is unnecessary for us to examine into the circumstances connected with the injury, as the question of contributory negligence was fully and fairly presented to the jury for their consideration, and the fact was found that there was no contributory negligence. In our opinion, the evidence justified the jury in finding that there was negligence on the part of the railroad employees, and that there was no contributory negligence on the part of the plaintiff or his infant son.

There remains, therefore, but one question for this Court to determine, in passing upon the appeal, and that relates to the measure of damages in cases of this character. The action is brought under §§ 376 and 377 of the Code of Civil Procedure, which read as follows:

" Sec. 376. A father, or in case of his death or desertion of his family the mother, may maintain an action for the injury or death of a minor child, and a guardian for the injury or death of his ward, when such injury or death is caused by the wrongful act or neglect of another. Such action may be maintained against the person causing the injury or death, or if such person be employed by another person who is responsible for his conduct, also against such other person.".

" Sec. 377.. When the death of a person not being a minor is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death, or if such person be employed by another person who is responsible for his conduct, then also against such other person. *In every action under this and the preceding section, such damages may be given as under all the circumstances of the case may be just.*"

It is the last clause of § 377 which creates the embarrassment we have felt in arriving at a correct and satisfactory conclusion in this case. The Court has been unable to find a statute of any other State precisely similar to ours; the nearest approach thereto being the statutes of Indiana, New York, and Nevada. Section 27 of the 2nd Revised Statutes of Indiana provides as follows: "A father, or in case of his death or desertion of his

family, or imprisonment, the mother, may maintain an action for the injury or death of a child; and a guardian for the death or injury of his ward. But when the action is brought by a guardian for an injury to his ward, the damages shall inure to the benefit of the ward."

In the case of *Long* v. *Morrison*, 14 Ind. 600, the Supreme Court says: " On the question of damages in this class of cases, the common-law rule must prevail. *   *   * When the action is by the husband, or master, or parent, for their individual losses respectively, occasioned by the tortious acts towards the wife, infant child, or servant, the individual suffering of the immediate subject of the wrongful act cannot be taken into account in the assignment of damages." (See *The Ohio etc. Co.* v. *Tendall*, 13 Ind. 386.)

The case last referred to was an action brought by Margaretta Tendall, mother of Daniel Tendall, deceased, a minor, against the Ohio and Mississippi Railroad Company, to recover damages for the loss of the life of said Daniel, he having been killed by an engine of said company running upon the road. The Court says: " The third question relates to the damages. The Court instructed the jury, that, in estimating the damages, they might take into consideration the actual pecuniary loss to the plaintiff, occasioned by the death of the son and servant, and also such other circumstances as have injuriously affected the plaintiff in person, in peace of mind, and in happiness." The Court proceeds to say : " This instruction was erroneous. (See *Quinn* v. *Moore*, 15 N. Y. 432.)"

In the case of *Quinn* v. *Moore*, the Court of Appeals of New York uses this language : ." In respect to purely personal torts, it is true, that at common law the right of action ceases with the life of the injured party; but the theory of the statute is, that the next of kin have a pecuniary interest in the life of the person killed, and the value of this interest is the amount for which the jury are to give their verdict. Neither the personal wrong or outrage to the decedent, nor the pain and suffering he may have endured, are to be taken into account. These would be the foundation of the action, and would furnish the criterion of damages, if death had not ensued, and the injured party had brought the suit."

The statute of New York, under which the foregoing decision was made, authorized the jury to give such damages as they deem fair and just, with reference to the pecuniary injury resulting from such death to the wife and next of kin of the deceased person; and in the case of *Oldfield* v. *N. Y. & Harlem R. R. Co.* 14 N. Y. 318, it was held, that "the jury who had all the circumstances of the casualty, and the precise condition and relationship of the parties before them, should give such compensation as they should deem fair and just, keeping in view that it was to be measured by the injury done to the next of kin. They were not to compensate for the pain and suffering endured by the deceased, or the anguish and mental distress of a wife or children incident to the loss of a husband or father; but were to measure the compensation by the pecuniary injury exclusively, the statute assuming that every person possesses some relative value to others." In this case, the Court below instructed the jury, "that they could not give damages for the physical suffering of the child, or the anguish of mind inflicted upon the parent by such a calamity; that the measure of compensation was strictly pecuniary, to indemnify fully for any pecuniary loss that may have attended or resulted from the death of the child"; and the Court of Appeals held, that the instruction was properly given. Justice Comstock, in his concurring opinion, says: "In this case, if the child had been only wounded instead of killed, the action to recover the expenses incurred in its cure and for the loss of service could have been maintained only by the parent or the person entitled to the service. But the child could also sue for the personal wrong to itself."

In the case of *The Pennsylvania Railroad Company* v. *Zebe, et ux*, 33 Pa. St. 328, it was said that "the measure of damage is not the loss or suffering of the deceased, but the injury resulting from his death to his family."

In the case of *The Pennsylvania Railroad Company* v. *Kelly*, 7 Casey, 372, the Court says: "The damages must be compensatory merely, and that compensation must have regard to the plaintiff's loss of his son's services, and to the expenses of nursing and professional treatment. The father was entitled to the services of his child during minority, and by just so much as this

injury impaired the value of that right was he entitled to compensatory damages." And it was added : " That it was proper for the jury to understand that the sufferings endured by the boy, and the disfiguration of his form, and whatever was merely personal to him, should not enter into the father's damages, because for them the son would have a right of action."

The law upon this subject is well stated by Shearman and Redfield in their work on Negligence. (§ 608.)

" The damages recoverable by a parent, guardian, or master, for a negligent injury to the person of his child or servant, are strictly limited to an amount fully compensatory for the consequent loss of services for a period not exceeding the minority of the child or the term of service of a servant, and the expenses which the plaintiff has incurred in consequence of the injury, such as for surgical attendance, nursing, and the like. * * * Damages awarded upon any other grounds than these clearly belong to the person corporally injured, whose right to sue, it must be remembered, is *entirely unaffected* by the action of his parent or master. If the latter should be allowed to recover for the pain and suffering of the servant (or child), it would follow, either that the servant (or child) could not recover himself for the same cause, or that the negligent person would be liable to pay twice the amount of damage which he had really done. Either alternative is contrary to justice and *common sense.*"

We have thus seen, that, under statutes more or *less similar* to our own, as well as according to the principles of the common law, two actions can be maintained for damages, such as are claimed in this case : one in behalf of the parent, and the other in behalf of the minor. When the action is brought by the parent, loss of service, medical attendance, expenses of nursing, and the like are matters to be considered by the jury, and in such cases compensation is the rule. It is true, that much is left to the sound discretion of the jury, as in the very nature of things no precise measure of damages can be established for any particular case ; but when the action is brought on behalf of the child, there are other separate and distinct elements of damage. The child recovers, not for loss of time or service or medical attendance or expenses of curing, but for the injury personal to himself, such as pain and suffering, both physical and mental, disfigurement, etc.

This brings us to the question how far the rule above laid down is affected by the provisions of the Code of Civil Procedure. It will be observed, that § 376 provides that " the father, or in case of his death or desertion of his family the mother, may maintain an action for the injury or death of a minor child, and a guardian for the injury or death of his ward." Here we have two rights of action for the same cause: one in behalf of the father, and the other is given to the guardian. Is the measure of recovery the same in both? If it is, then the negligent person would be liable to pay twice the amount of damage he had really done, which, in the language of the work on negligence referred to above, would be contrary to justice and common sense. When, therefore, § 377 of the Code of Civil Procedure provides, that, " in every action under this and the preceding section, such damages may be given as under all the circumstances of the case may be just," it was not intended that the party guilty of the negligent and wrongful act should be compelled in the first place to pay the full measure of damages sustained to the father, and afterwards to pay the same amount to the guardian for the use of the minor. It is, therefore, reasonable to presume, that the Legislature had in view the principles of the common law as the same are applicable to cases of this character, and intended that the father should recover such damages as he has sustained, by way of compensation, leaving to the infant a further right of recovery of such damages as are personal to himself.

This brings us to the charge and instructions of the learned Judge to the jury in the case now under consideration. Several parts of the charge were duly excepted to by the defendant, the first of which we will notice is the following:

"The question of damages is one for your consideration; and you may award such damages as, in view of all the circumstances—the mental capacity of the boy himself, and of the injury inflicted upon him—may seem to you just. Whatever amount of money, in your judgment, will *compensate him for his* injuries, that will be the amount of your verdict."

It seems to us that the foregoing portion of the charge is not in harmony with the rule of damages laid down by the authorities, and applicable to this case. The question was, not what

damages would compensate him, the infant, for the injury inflicted upon him, but what damages would compensate the father for the loss incurred by him.

The refusal of the Court to give the following instruction offered by the defendant is also assigned as error:

"Instruction No. 7.    Plaintiff is not entitled to recover in this action damages for the pain or suffering which his son, Milton W. Durkee, experienced from the injuries he received, or for his disfigurement therefrom."

Under the authorities considered above, this instruction was proper, and should have been given.

We are of opinion, that for these errors the judgment and order of the Court below should be reversed, and it is so ordered.

SHARPSTEIN, J., and THORNTON, J., concurred.

MYRICK, J., concurred in the judgment.

McKINSTRY, J., concurring:

I concur.    The complaint avers :  " He, the said plaintiff, was, at the times herein after mentioned, and is, the father of Milton W. Durkee, an infant herein after mentioned, and that said infant has always been cared for and maintained by said plaintiff."

The complaint contains no averment of loss of service, or of expenses incurred or paid by the father in consequence of the injuries suffered by the child.    The action is evidently based upon the idea that the statute (Code Civ. Proc. 376) has provided, that the father, as natural guardian of his infant child, may maintain an action—for the benefit of the child—to recover damages for injuries done the infant by the wrongful act or neglect of another—an action independent of and entirely distinct from another action which he may bring "*per quod servitium amisit*," etc.    It is quite clear, that the two actions cannot be united ; for in such case it would be impossible to determine how the judgment should be divided—how much of the verdict was intended for the father individually, how much for him in his capacity of *trustee* for the infant.

The averments in the complaint with respect to the facts out

of which the plaintiff's alleged claim for damages has arisen are
as follows: "And said defendant, by its said conductor and en-
gineer, and without the fault of plaintiff, and without plaintiff
or the said Milton W. Durkee in any manner contributing
thereto, negligently, carelessly, heedlessly, and wantonly ran
said locomotive engine upon and over the person of the said
Milton W. Durkee, and then and there, and thereby, so wounded,
mangled, crushed, and broke the feet, ankles, and legs of him,
the said Milton W. Durkee, that it became and was necessary to
amputate and cut off, at or near the ankles, both of the feet of
him, the said Milton W. Durkee; and *in consequence* of said
wounding, mangling, crushing, and breaking, the said feet of the
said Milton W. Durkee were, on, etc.,     *   *   *   necessarily
amputated and cut off by a surgeon employed by plaintiff for
that purpose; and by means of said injuries and amputations,
the said *Milton W. Durkee* suffered and endured *great pain
and anguish*, and has *lost and been deprived of both his feet.*"
The prayer is: "Plaintiff demands, as relief herein, judgment
against said defendant for the sum of fifty thousand dollars, and
the costs of this action."

It is obvious that the only damages alleged are such as are
*personal* to the son, and for which the infant, by his *guardian*,
could maintain an action.   Unless the statute has in effect made
the father *guardian*, and authorized him as such to recover
damages in an action like the present, to be held by him in trust
for the benefit of the infant, this judgment cannot be upheld.
The section of the Code of Civil Procedure does not declare that
the father may maintain the action for or on behalf of the in-
fant, all of which is implied when the word "guardian" is em-
ployed; nor does it provide against any fraudulent or improvident
waste of the moneys which may be recovered, as by requiring
the father to give bond, or otherwise.   To construe the sec-
tion of the Code so as to authorize the present action, we would
have to interpolate the words as "trustee" or "as guardian," or
"for the use and benefit of the infant," or some other equivalent
or more specific expression, and would also have to hold that
the beneficiary can have no other protection as against waste or
fraud, than such as may be afforded by a court of equity by
reason of its general jurisdiction in matters of *trust*.   The

Courts are justified in holding that an intent on the part of the Legislature which contemplates so broad a departure from the common law, and involves consequences so serious, shall be clearly and distinctly expressed.

It can hardly be said, however, that the section of the Code is *ambiguous.* The language employed seems to me a plain enactment that the "father" may himself recover damages for the "injury or death" of the infant. In case of death, the damages recovered, whatever the *rule* of damages, must inure to the benefit of the father. There is nothing in the language itself to indicate that a different beneficiary was intended where the injuries do not result in death.

But it surely cannot require argument to establish that the Legislature has no *power* to authorize one person to recover, and apply to his own use, damages for an injury sustained by *another;* nor can it be necessary to do more than refer to the constitutional limitations which prohibit such legislation. If such power existed, it would include a power to deprive a citizen of his property "without due process of law."