RIVERA, PLAINTIFF AND APPELLEE, *v.* REYES, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan in an Action for Damages.

No. 2473.—Decided February 1, 1923.

DAMAGES—NEGLIGENCE—MOTHER OF NATURAL CHILD.—A mother has no cause of action to recover for herself damages sustained on February 17, 1920, by her natural son as a result of the negligence of another person. By enacting Act No. 77 of 1921 the Legislature expressly conferred that right upon her.

The facts are stated in the opinion.

*Messrs. Oller & Rodríguez* for the appellant.

*Messrs. E. Campillo* and *M. Tous Soto* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

By her attorneys Segunda Rivera brought an action in the District Court of San Juan, Section 1, against Ramón Reyes to recover damages in the sum of $10,000. She alleged in substance that she was the mother, with *patria potestas,* of the minor Francisco Rivera and that on or about the 17th of February, 1920, her said son suffered the fracture of a leg as the result of the negligent acts of a minor child of the defendant. The prayer of the complaint, in so far as pertinent, is as follows: " * * * to render judgment against the defendant and in favor of the plaintiff for the sum of * * * ."

The case was brought to trial. When evidence was offered to show what the future condition of the minor would be by reason of the fracture the defendant objected òn the ground that it was immaterial to the action. The objection was overruled.

The case was finally submitted and the court adjudged that "the defendant, Ramón Reyes, should pay to the plaintiff, Segunda Rivera, the sum of $2,500 and the costs." In

support of its judgment the court delivered an opinion from which we copy the following paragraph:

"The court sustains the complaint and, considering the nature of the fracture suffered by the plaintiff's son, the social positions of the parties and the damages sustained by the plaintiff, adjudges that the defendant pay to the plaintiff the sum of $2,500 as damages and the costs."

The defendant appealed to his court and assigned eight errors in his brief which contains a paragraph reading as follows:

"It is well to observe in discussing these errors that in this action it is the mother who claims damages sustained by her by reason of the accident to her alleged son. The action is brought undoubtedly under section 60 of the Code of Civil Procedure. The wording of the complaint is sufficient to justify this conclusion. The action is brought by the mother and not by the son. In such circumstances what damages can be recovered? Let us see."

In her brief the appellee accepts this field of argument chosen by the appellant and contends that the evidence contains the elements necessary to establish the damages which the mother has a right to recover.

After the appeal had been heard the parties were directed to file briefs on the following points: "1, What statute authorizes the action brought by the plaintiff? 2, If it is section 60 of the Code of Civil Procedure, is the jurisprudence laid down in the case of *Díaz* v. *Porto Rico Railway, Light & Power Co.*, 21 P. R. R. 73, applicable?"

The appellant maintained that the *Díaz Case, supra,* was wholly applicable and the appellee, among other things, said:

"The action has not been brought according to section 60 of the Code of Civil Procedure for the benefit of the mother. On the contrary, it has been brought under section 1803 of the Civil Code for the personal benefit of the son.

"It is true that only the name of the mother appears in the pleadings, but the parties, as well as the trial judge, understood

the pleadings, conducted the trial, acted throughout the proceedings, offered and admitted the evidence and filed their pleadings on the assumption that the action was brought for the exclusive benefit of the son.

"Otherwise the injured son need not have been subjected to a detailed examination as to the present condition of the fractured leg and to a direct inspection of it, and for the same reason the defendant introduced evidence to show that the injury was slight and temporary.

"Likewise, evidence was examined as to the damages sustained by the son because of his inability to continue his studies.

"Such was the fact of the case, and, if necessary, the appellee would acquiesce and ask for such a correction of the judgment as this court might think proper to make, or to order the trial court to make, so as to clear up this point and leave the defendant's liability well established."

In our opinion it is impossible to reach the conclusion suggested by the appellee. The action was brought by her in her capacity as mother. She sued in her own name for the damages sustained by her. The attitude of the parties and the judgment of the court are clear. There is only one paragraph of the complaint which might be susceptible of a different interpretation, but it is not of such strength as would of itself allow a variation of the cause of action at this time.

The actions accruing to the mother and to the son are different. The law applicable is section 60 of the Code of Civil Procedure. See the case of *Arreche* v. *Porto Rico Railway Light & Power Co., post,* page 424. Summing up the jurisprudence of California construing statutes similar to our own, Pomeroy expresses himself as follows:

"The last clause under this section has given rise to considerable perplexity and has received much attention in recent decisions of our supreme court.

"1.—With regard to damages in cases of injuries to a minor in action brought under section 376. In such instances two causes

of action arise, one in favor of the infant for his personal injuries, and one in favor of the parent or guardian for losses suffered by him on account of the injury to the child or ward: Durkee v. Central Pac. R. R., 56 Cal. 388; 38 Am. Rep. 59. This case passes upon the questions under consideration, and in the course of the opinion therein delivered the court, per Chief Justice Morrison, says: 'Where the action is brought by the parent, loss of service, medical attendance, expenses of nursing and the like matters are to be considered by the jury, and in such cases compensation is the rule. * * * When the action is brought on behalf of the child, there are other separate and distinct elements of damage. The child recovers not for loss of time or service or medical attendance or expense of curing, but for the injury personal to himself, such as pain and suffering, both physical and mental, disfigurement, etc.'" Cal. Code Civ. Pro. Ann. 123.

This being so and the evidence showing that the plaintiff in this case is not the lawful mother of the minor, however hard it may be it is necessary to hold, in accordance with the law and the jurisprudence, that she has no cause of action.

In the *Diaz Case, supra,* the question here involved was discussed at length and the following was held:

"As a necessary and exclusive consequence of all the foregoing, the judgment appealed from must be reversed and the complaint dismissed. The right asserted by the plaintiff in this case is of a purely statutory origin. The statute gives such right only to the 'father,' or, in a proper case, to the 'mother,' for the death of the 'minor child.' Construing the said words in accordance with both English and Spanish tradition and with the settled jurisprudence of the courts, it is seen that they refer to the lawful father and mother and to the legitimate child. The mother in this case is not the lawful mother, but the natural mother; hence it is manifest that she has no right of action to recover damages for the death of her child, caused, according to the complaint, by the negligence of the defendant corporation. To extend the meaning of the words 'father,' 'mother' and 'child,' used in the statute, so that they should include natural fathers and mothers and illegitimate children, would be to do something which only the legislature can do. And we can not assume the functions of legislators."

In 1921 the Legislature of Porto Rico amended the law, expressly including in its terms a natural mother and introducing new features which should be carefully considered by members of the profession in bringing actions under the law as amended. See section 60 of the Code of Civil Procedure as amended by Act No. 77 of 1921, Acts of 1921, p. 703.

By virtue of the foregoing the judgment appealed from must be reversed and substituted by another dismissing the action.

*Reversed.*

Justices Wolf, Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.