RIVERA, DEMANDANTE Y APELADA, *v.* REYES, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre daños y perjuicios.

No. 2473.—Resuelto en febrero 1, 1923.

DAÑOS Y PERJUICIOS POR NEGLIGENCIA—PARTE DEMANDANTE—MADRE NATURAL—CAUSA DE ACCIÓN.—Una madre natural no tiene causa de acción para reclamar para sí el importe de daños y perjuicios causados en febrero 17, 1920, a su hijo natural a causa de la negligencia de otra persona. A partir de de la vigencia de la Ley número 77 de 1921 la legislatura le otorgó expresamente tal derecho.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Oller & Rodríguez.*

Abogados de la apelada: *Sres. E. Campillo* y *M. Tous Soto.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

Segunda Rivera, por medio de sus abogados, compareció ante la Corte de Distrito de San Juan, Sección Primera, y demandó a Ramón Reyes en reclamación de diez mil dó-

lares.   Alegó, en resumen, que era madre con patria potes-
tad del menor Francisco Rivera y que allá por el 17 de
febrero de 1920 su dicho hijo sufrió la fractura de una pierna
a virtud de los actos negligentes de un hijo menor del de-
mandado.   La súplica de la demanda, en lo pertinente, es
como sigue: "* * * dictar sentencia condenando al demandado
a satisfacer a la demandante la suma de * * *."

Fué el pleito a juicio.   Cuando se introducía prueba re-
ferente a la condición en que quedaría el menor por razón
de la fractura, la parte demandada se opuso por entender
que era impertinente a la acción ejercitada.   Su oposición fué
desestimada.

Sometido finalmente el caso a la corte, lo decidió por sen-
tencia condenando "al demandado, Ramón Reyes, a pagar a
la demandante, Segunda Rivera, la suma de dos mil qui-
nientos dólares, y las costas."   Para fundar su sentencia, la
corte emitió una opinión de la cual se transcribe el siguiente
párrafo, que dice:

"La corte declara con lugar la demanda, y teniendo en cuenta
la fractura sufrida por el hijo de la demandante, el carácter de la
fractura, la posición social de las partes y los perjuicios sufridos por
la demandante, declara con lugar la demanda, y condena al deman-
dado a pagar a la demandante en concepto de daños y perjuicios la
suma de dos mil quinientos dollars, y las costas."

No conforme el demandado, apeló para ante esta corte, se-
ñalando en su alegato la comisión de ocho errores.   En dicho
alegato hay un párrafo que dice:

"Conviene advertir al argumentar sobre estos errores que en
esta acción es la madre quien reclama los daños y perjuicios sufridos
por ella, con motivo del accidente ocurrídole a su supuesto hijo.   La
acción sin duda alguna se establece de acuerdo con el artículo 60 del
Código de Enjuiciamiento Civil.   Basta dar una lectura a la de-
manda para convencerse de ello.   No es el hijo quien demanda, es la
madre.   Y cuáles son los daños y perjuicios que en tales casos se
pueden cobrar?   Veamos."

A su vez la apelada en su alegato acepta la discusión en el terreno en que la plantea el apelante y sostiene que exis-ten en la prueba los elementos necesarios para demostrar los daños y perjuicios que la madre tiene derecho a recobrar.

Después de celebrada la vista del recurso, se acordó oir por escrito a las partes sobre los siguientes extremos: "1, qué precepto de ley autoriza la acción ejercitada por la de-mandante; 2, en el caso de que sea el artículo 60 del Código de Enjuiciamiento Civil, si es aplicable o no la jurispruden-cia establecida en *Díaz* v. *Porto Rico Railway, Light and Power Co.,* 21 D. P. R. 78."

El apelante sostuvo que el caso de Díaz, *supra,* era de en-tera aplicación, y la apelada, entre otras manifestaciones, hizo las que siguen:

"La acción no ha sido establecida de acuerdo con el artículo 60 del Código de Enjuiciamiento Civil en beneficio de la madre. Por el contrario se ha deducido de acuerdo con el artículo 1803 del Có-digo Civil en beneficio personal del hijo.

"Es verdad que en las alegaciones aparece solamente el nombre de la madre pero tanto las partes litigantes, como el juez senten-ciador entendieron las alegaciones, llevaron el litigio, se compor-taron en todo el procedimiento, presentaron su evidencia, decidieron éstas e hicieron sus alegaciones, dando por sentada la realidad antes dicha: que la acción se ejercitaba en beneficio exclusivo del hijo.

"No de otra manera hubo de sujetarse al lesionado a un interro-gatorio detenido sobre el estado actual del pie lesionado y a un exa-men directo de dicho órgano y por la misma razón la parte deman-dada presentó evidencia para demostrar que la lesión era temporal y leve.

"Asimismo fué presentada evidencia sobre los daños que el le-sionado recibía a virtud de no poder continuar sus estudios.

"Esa ha sido la verdad del caso y la parte compareciente, si fuere necesaria, consentiría y solicita al efecto aquella enmienda de los términos de la sentencia que ese tribunal tuviere a bien hacer u or-denar se haga por el inferior, al efecto de quedar aclarado seme-jante extremo y bien determinada la responsabilidad de la parte de-mandada."

A nuestro juicio no es posible llegar a la conclusión que sostiene la apelada. La acción la inició ella en su carácter de madre. Reclamó para ella por los daños y perjuicios a ella ocasionados. La actitud de las partes y el fallo de la corte son claros. Sólo hay un párrafo de la demanda que podría interpretarse en sentido contrario, pero no es tan fuerte que pueda por sí solo servir de base para variar en los actuales momentos la acción.

La acción que compete a la madre y la que compete al hijo, son distintas. La ley aplicable es el artículo 60 del Código de Enjuiciamiento Civil. Véase el caso de *Arreche* v. *P. R. R. L. & P. Co.,* decidido en esta misma fecha. *Pomeroy,* resumiendo la jurisprudencia de California, interpretativa de preceptos de ley iguales al nuestro, dice:

"La disposición final de este artículo ha sido motivo de perplejidad considerable y objeto de cuidadosa atención en decisiones recientes de nuestra Corte Suprema.

"1. Con respecto a la indemnización que en los casos de lesiones a un menor debe concederse en una acción establecida al amparo del artículo 376: En tales casos surgen dos causas de acción, una en favor del niño por sus daños personales, y la otra en favor del padre o del tutor por las pérdidas sufridas por él con motivo del daño causado al niño o pupilo: *Durke* v. *Central Pac. R. R.* 56 *Cal.* 388; 38 *Am. Rep.* 59. En este caso se consideran las cuestiones que ahora examinamos, y en el curso de la opinión de la corte, escrita por el Juez Presidente Morrison, se dice: 'Cuando la acción es establecida por el padre, la pérdida de servicios, la asistencia médica, los gastos de la curación y otros particulares semejantes deben ser considerados por el jurado, y en tales casos es la regla conceder una indemnización. * * * Cuando se establece la acción a nombre del niño entonces los factores determinantes de la indemnización son otros distintos e independientes. El niño es indemnizado no por la pérdida de tiempo o servicios, ni por la asistencia médica o los gastos de curación, sino por los daños a su persona, tales como el dolor y el sufrimiento, tanto físicos como morales, la desfiguración, etc.' * * * "

Siendo ello así y demostrando la prueba que la deman-

dante en este caso no es madre legítima del menor Rivera, por duro que ello sea, es necesario concluir, de acuerdo con la ley y la jurisprudencia, que carece de acción.

En el citado caso de Díaz se hizo un estudio ámplio de la cuestión envuelta y se decidió:

"Habiendo en consideración todo lo expuesto, se impone, como consecuencia necesaria y única, la revocación de la sentencia apelada y la desestimación de la demanda. El derecho ejercitado por la demandante en este caso es de origen puramente estatutorio. El estatuto sólo concede tal derecho al 'padre' y, en su caso a la 'madre,' por la muerte del "hijo menor de edad." Interpretando dichas palabras de acuerdo con la tradición, así inglesa como española, y con la jurisprudencia constante de los tribunales, se ha visto que se refieren al padre, a la madre y al hijo legítimo. La madre en este caso no es legítima, sino natural: luego es bien claro que no tiene acción para reclamar cantidad alguna por la muerte de su hijo ocasionada, según la demanda, por virtud de la negligencia de la corporación demandada. Extender el significado de las palabras padre, madre e hijo, usadas en la ley, hasta comprender en ellas a los padres, a las madres, y a los hijos naturales, sería realizar algo que sólo puede llevar a efecto la Legislatura. Y nosotros no podemos convertirnos en legisladores."

La Legislatura de Puerto Rico en 1921 enmendó la ley, incluyendo expresamente en ella a la madre natural y haciendo otras reformas que deben ser objeto de un cuidadoso estudio por los abogados al iniciar acciones que deban regirse por dicha ley enmendada. Véase al artículo 60, tal como quedó enmendado por la Ley número 77 de 1921, Leyes de 1921, pág. 703.

A virtud de todo lo expuesto, debe revocarse la sentencia recurrida y dictarse otra declarando la demanda sin lugar.

*Revocada la sentencia apelada y sin lugar la demanda.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.