HOUSTON AND GREAT NORTHERN RAILROAD CO. *v.* JOSEPH E. MILLER.

1. LIABILITY OF MASTER FOR DAMAGES TO EMPLOYÉ.—The master is not liable for injuries sustained by his servant through the negligence of a fellow-servant.
2. CONTRACTS BY MINOR.—The contract of a minor, made without the

consent of his parent, for employment in a legitimate business, by means of which necessaries could be obtained, is not void.

3. MINORITY OF EMPLOYÉ.—We do not believe that, upon sound principles of public policy or authority, the mere fact that an employé is under the age of twenty-one years should shield him from the usual responsibility incident to an honest employment voluntarily assumed by himself. This rule should not be enforced against a child of tender years.

4. SAME.—A minor aged nineteen years could not recover of a railroad company for damages sustained in its employ and occasioned by the negligence of an employé of the railroad.

5. DAMAGES.—The father had obtained judgment for injuries sustained by his minor son; in a suit by the son for damages: *Held*, That the jury should have been instructed not to include in their computation the time for which the father had recovered, in finding damages for his lessened capacity to make a living.

6. NEGLIGENCE.—In the absence of law declaring an act to be negligence, it is a fact to be found by the jury. It was error to instruct the jury as to an act, that it is negligence.

ERROR from Harris. Tried below before the Hon. James Masterson.

*Baker & Botts*, for plaintiff in error, in a brief and argument, thoroughly discussed the main question involved, with exhaustive citation of authorities. In reply to suggestions from the court as to the effect, if any, as to the responsibility of the railroad company, of the minority of the plaintiff, the following authorities were cited and discussed: Wood's Master and Servant, sec. 10, p. 15; Nashville Railroad Co. *v.* Elliott, 1 Cold., 611; Schouler on Dom. Rel., 561; Medbury *v.* Watrous, 7 Hill, 110; Chicago and Great Eastern Railroad Co. *v.* Harney 28 Ind., 28; Moss *v.* Pacific Railroad Co., 49 Mo., 167; King *v.* Boston and Worcester Railroad Co., 9 Cush., 112; Texas and Pacific Railroad Co. *v.* Murphy, 46 Tex., 356.

*John T. Harcourt*, for defendant in error. — Counsel for plaintiff in error has displayed great industry in collecting authorities in support of the " British rule " as to the liabilities

of a railroad company for injuries caused by the negligence of a fellow-servant.

We do not feel called upon to pursue this line of investigation. It is neither interesting nor profitable, so far as it can have any practical application to the present case. Here, there can be no hair-splitting reasoning about the waiver of risk in a dangerous service in the employment by contract.

We maintain that no contract was made.

"A child cannot make a contract or waive a legal right." (Shear. & Red. on Neg., sec. 97.)

Our statute law settles this much beyond all question.

"Male persons under twenty-one years of age are minors; they are sometimes called infants." The law supposes that minors, persons of unsound mind, and habitual drunkards have not capacity to take care of their persons or estates. It therefore provides that there shall be certain persons whose duty it shall be to take care of them. (Paschal's Dig., arts. 6890, 6892.)

The plaintiff in error cannot defend the wrong done upon the ground of an illegal contract it had made with a minor. (Derocher *v.* Continental Mills, 58 Maine, 217; Whitmarsh *v.* Hall, 3 Denio, 375.)

If, however, it shall be held that the minor was capable of contracting in this case, we then insist that the "British rule" ought not and cannot be maintained, upon principle or authority, as the correct rule to be promulgated in this class of cases in this State.

The reasoning upon which the distinction is based is fallacious and unsound. The employés cannot, from the nature of the service, know anything of the skill and care of their associates. They must rely upon one rigid requirement, and that is, that none but the most skillful shall be put in charge of such powerful machinery.

In England, there were grades and classes in society and different grades in the rank and position of servants.

With us, at the present day, it is almost a crime to say

that there are any "servants or fellow-servants." It is as great a fiction in law as the relation of master and servant when applied to father and son. The nomenclature of the books is not at all applicable to the present condition of the laboring classes.

We must now speak in plain language and in proper terms.

We have principal and agent, and contractors and laborers, and employers and employés. The ditcher with his spade is the peer of the conductor or engineer. The later decisions on this question, coming from the strongest minds, have broken away from the old rule.

In the recent leading case of the Louisville and Nashville Railroad Co. *v.* Collins, 2 Duvall, (Ky.,) 114, Judge Robertson has, in his felicitous style, stated the questions and decided the law in this class of cases. And the same stern, practical doctrine is maintained in 20 Ohio, 415; 3 Ohio St., 201; 45 Ill., 197; 52 Ill., 183, 401.

In the case above cited, Judge Robertson says, that "when, on a question of negligence, the testimony is conflicting, the jury have a right to decide the character of the negligence." (Philadelphia and Reading Railroad Co. *v.* Spearen, 47 Penn. St., 300.)

In the present case, the Houston and Great Northern Railroad Company was charged with negligence for employing an incompetent engineer. (Wright *v.* New York Central, 28 Barb., 80.)    *   *   *

BONNER, ASSOCIATE JUSTICE.—This suit involves the question of the liability of the master at the suit of an employé, who was a minor, for damages sustained by reason of the alleged negligence of a fellow-servant; the liability of the master to the father of the minor, who was employed without the consent of the father, having been considered by this court in a branch of this same case. (Railroad Co. *v.* Miller, 49 Tex., 322.)

Since the trial of the cause below, it has become the settled law of this court, in accordance with the well-established line of decisions in Great Britain and in this country, that the master is not liable for injuries sustained by his servant through the negligence or default of a fellow-servant. (Price *v.* Navigation Co., 46 Tex., 535; Robinson *v.* Railway Co., 46 Tex., 540.)

The plaintiff was the employé of the defendant company, and his injuries are alleged to have been caused by the negligence of the engineer, who was a fellow-servant. Tested by the rule announced in the above cases, so much of the first subdivision of the charge of the court as authorized the jury to find for the plaintiff by reason of the alleged negligence of the engineer, was error, unless the fact that the plaintiff was a minor made his case an exception to this general rule.

The contract of a minor, made without the consent of his father, for necessaries, or for employment in a legitimate business by means of which necessaries could be obtained, is not void, but in many cases commendable. If fair and made in good faith, in the usual course of business, it would be valid until avoided by the minor himself, or by act of the parent in the exercise of his superior right to demand his services. To require that in such cases parties employing minors should be held thereby to be insurers against the risks usually incident to such employment, would virtually result, in many instances, in an undue restraint upon this important class of our citizens in obtaining the means of a legitimate livelihood, and would tend to promote idleness and consequent demoralization. We do not believe that, upon sound principles of public policy or authority, the mere fact that an employé is under the age of twenty-one years should shield him from the usual responsibility incident to an honest employment voluntarily assumed by himself. This rule, however, should not be enforced against a child of tender years, who evi-

dently would not have the requisite discretion and experience to be a suitable employé in a dangerous business. (Railway Co. v. Elliott, 1 Cold., (Tenn.,) 619; Gartland v. Railway Co., 67 Ill., 498; King v. Railroad Corp., 9 Cush., 112; Railway Co. v. Harney, 28 Ind., 28; Railroad Co. v. Gladmon, 15 Wall., 401; Shear. & Red. on Neg., secs. 50, 97.)

We are of opinion, then, that the error assigned upon this part of the first subdivision of the charge of the court was well taken.

We are further of opinion, that, under the facts as disclosed by the record, the court should have instructed the jury, in the event that they found for the plaintiff, that in estimating his damages "for his lessened capacity to make a living," they should not compute the time between the date of his injury and his arrival to the age of twenty-one years, as his father, Elisha P. Miller, had already recovered for this damage. The charge failed to call the attention of the jury to this, and they may have included in their estimate that damage, for which judgment had already been rendered against the defendant.

We think there was error in so much of the charge of the court in which the learned judge instructed the jury, that "if the evidence satisfies you that the plaintiff was an employé of defendant, and acting under the orders of the engineer, or other agent in charge of the train, and that whilst the train was in motion, and whilst plaintiff was not in sight, steam was put on, so as to cause a jerk and throw plaintiff on the track, whereby he was injured, such conduct would be negligence, for which defendant is liable."

This, in effect, made the question of negligence one of law and not of fact, adverse to the opinion of this court in the subsequently decided case of Railroad Co. v. Murphy, 46 Tex., 356. In that case it was decided: "In the absence of law declaring an act to be negligence, it is a fact to be found by the jury on evidence, and it is error to instruct a jury as

to what acts constitute negligence, when the law is silent as to such acts."

Judgment reversed and the cause remanded.

REVERSED AND REMANDED.