**Texas & Pacific Railway Co. v. Charles Morin, by Next Friend.**

(Case No. 5352.)

1. Injury to minor—Damages recoverable—Capacity to earn money—In a suit brought by a minor, through his next friend, to recover damages for personal injuries, he is not entitled to compensation for his diminished capacity to earn money during the time intervening between the injury and his arrival at majority.

2. Same—A diminution in his capacity to earn money during that period gives cause of action to his parent, but not to the minor, unless it be shown that he had been emancipated by the parent. (Railway Company v. Miller, 51 Tex., 275; Sawyer v. Sauer, 10 Kas., 519.)

3. Cases reviewed—Abeles v. Bransfield, 19 Kas., 16, and Railway Company v. O'Donnell, 58 Tex., 42, reviewed, and shown not in conflict with the rule announced in this case.

4. Excessive damages—Charge—See opinion for verdict for damages held excessive, and, under the charge of the court, good grounds for reversal.

APPEAL from Tarrant. Tried below before the Hon. A. J. Hood.

On May 30, 1882, the plaintiff, Charles Morin, brought this suit by his next friend, Damuse Morin, and in his amended petition, filed May 21, 1883, alleged, in substance, that on May 23, 1882, the defendant was the owner of a certain railway known as the Transcontinental Branch of the Texas & Pacific Railroad, which extended through Tarrant county; the minor plaintiff, Charles Morin, being then only thirty months old, casually strayed upon defendant's railway track, near his father's residence, in Tarrant county, when the defendant company, by its servants and agents, carelessly and negligently ran its locomotive and cars against and over Charles Morin, cutting off his right leg and foot, crushing and bruising his left foot so that the same had to be amputated, and throwing him violently against certain stones, cross-ties and irons on the railroad, thereby breaking his shoulder-blade, thus rendering him a cripple for life, and causing him great pain of mind and body, with great mortification; that defendant's agents and servants were running the engine and cars with great speed, to-wit, twenty-five miles per hour; that they failed to keep a reasonable and proper look-out, and, had they done so, could have avoided the injury; to his damage $50,000.

Appellant pleaded the general denial and special pleas. Verdict and judgment were given for plaintiff for $20,000.

*Davis, Beall & Rogers,* for appellant, on the charge of the court, cited: Railway Company v. Miller, 51 Tex., 275.

On the question of excessive damages, they cited: Railway Company v. Jackson, 55 Ill., 492; Collins v. Railway Company, 12 Barb., (N. Y.) 492; Clapp v. Railway Company, 19 Barb., 461; 47 Barb., 196; 40 Ill., 219; 52 Ill., 183; 3 Sandf., (N. Y.) 19; 28 Wis., 300; 29 Wis., 580.

*Furman, Stedman & Capps* and *Templeton, Wynne & Carter,* for appellee, on the charge of the court, cited: Railway Company v. O'Donnell, 58 Tex., 41.

On the question of excessive damages, they cited: Railway Company v. Randall, 50 Tex., 254; Railway Company v. Hardin, 62 Tex., 374, 375; Railway Company v. Garcia, 62 Tex., 286; Phillips v. Railway Company, 9 Cent. Law Jour., 125, 363; Boyce v. Stage Company, 25 Cal., 475.

STAYTON, ASSOCIATE JUSTICE.—This action was brought by the appellee, a minor, through a next friend, to recover damages claimed

to be the result of injuries to his person, received through the negligence of employes of defendant in the management of a train on the appellant's railway. The child at the time of the injury was about thirty months of age, and the trial resulted in a judgment in its favor for $20,000. There are but two matters assigned as error which it will be necessary to consider :

1. It is assigned as error that the court erred in overruling the motion for a new trial, based on the ground that the verdict and judgment were excessive.

2. That the court erred in instructing the jury that in estimating damages they might take into consideration any reduction of the power and capacity of the appellee to earn money.

The charge given was as follows:

"In the event you find damages for the plaintiff, in estimating the same, you will take into consideration the proof, if any there is, showing the physical condition of the plaintiff at and since the alleged injuries, the probable effect of the injuries in the future upon his health and upon the use of his limbs, and generally, any reduction of his power and capacity to earn money, and to pursue the course of life he might but for the injuries; but damages in this cause, if any, can in no event extend beyond a fair and reasonable compensation for the injuries, and you cannot, under the pleadings and evidence, award exemplary damages, that is, damages by way of punishment."

This charge was erroneous, in that it permitted the jury to consider, in estimating damages, the diminished capacity of the appellee to earn money during the time intervening between the injury and his arrival at majority.

The services of the appellee during his minority belonged to his parent, who, as next friend, represents him in this case, and a diminution in his capacity to earn money during that period, gave cause of action to the parent, but not to the minor, unless it was shown that the child had been emancipated by the parent.  Railway Company v. Miller, 51 Tex., 275, Sawyer v. Sauer, 10 Kas., 519.

It is urged, however, that the prosecution of this action by the father, as next friend of the appellee, should be held to be a relinquishment by the parent of all claim which he might otherwise assert in his own behalf, on account of the diminished capacity of the appellee to labor during his minority. There is nothing in the pleadings to indicate any such intention on the part of the parent; while, on the contrary, the motion for new trial shows that the next friend, as parent of the appellee, on account of the damages done to him by the injury to to the appellee, had recovered a judgment for $7,950.

The charge of the court in the cause in which that judgment was recovered, informed the jury that, in connection with other grounds for damages, the parent was entitled to "just and proper compensation for such services of the child, if any, as he, plaintiff, will probably be deprived of by reason of the child's inability to labor for him and do his bidding before it reaches the age of twenty-one years."

In Abeles v. Bransfield, 19 Kas., 16, it was held that, when a mother, the surviving parent, commenced and prosecuted to judgment in her son's name, and as his next friend, an action for injuries to his person, the judgment would not be reversed, though it was shown that the mother had never relinquished to her son her right to his services, otherwise than by commencing and prosecuting the action. The grounds for damages which were set out in the petition in that case were, however, except as to money expended by the son, such as would ordinarily give cause of action to the parent alone for loss of services of her child during minority.

The court in that case evidently held that the assertion, by the parent, as next friend, as ground for damages in favor of her son, of such matters as would ordinarily give cause of action only to the parent, operated to transfer to the minor the right of the parent. No such cause of action as would ordinarily inure to the parent alone for an injury done to a minor child is set up in the petition in this case. On the contrary, the grounds for damage alleged are such as the minor would be entitled to recover upon, and the ground which the charge informed the jury they might consider, was not made by the petition one of the grounds upon which damages were sought.

The judgment seems to us excessive, and the verdict on which it is based may have resulted from the fact that the jury did take into estimation, as they were authorized to do under the charge to which we have referred, matters which could not properly be considered by them in this case. It is urged that a charge, such as was given in this case, was affirmed by this court in the case of Railway Company v. O'Donnell, 58 Tex., 42, and it is true that such a charge was given in that case. From the argument of counsel, which is published with the opinion, it would be inferred that the giving of such a charge was assigned as error, but this was not the case; hence, the point presented in this case was not before this court, or considered by it, in disposing of that case.

The fifth paragraph of the fourth assignment of error in that case was as follows: "The court erred in refusing a new trial, because the verdict was excessive in amount, there being no proof of any special damages; no proof of probable earnings, or how much the injury would

prevent the earning of money; the probable duration of plaintiff's life, and no basis in proof for any calculation of damages; and then, in connection with the want of testimony showing negligence of defendant, and, also, in view of the obvious duty of the parent, and those in custody, to protect the child from danger, all go to show the verdict was the result of passion and prejudice." It was to this assignment only, to which the latter part of the opinion referred.

It will thus be seen that the assignment of error which was considered in the case referred to in the last part of the opinion, went to the sufficiency of the evidence to sustain the verdict, and not to the incorrectness of any charge given in the case, through which the jury might have been led to consider, in estimating the damages, things which they ought not to have considered.

There is a general statement in the opinion that the matters to which the charge of the court invited the attention of the jury, in estimating the amount of damages, were proper for their consideration, and this was true, to a certain extent; for the disability of the child, as in this case, was one which would necessarily affect its ability to labor through life, and, for that period after majority, was matter proper to be taken into the estimate; but had the assignment of error made in this case, been made in that, the expression now relied upon to justify the charge given in this case, in considering such an assignment, would never have been used; for such a rule, in an action brought by a minor for injuries affecting its capacity to labor, had then been denied by this court, as is it, so far as we know, in all courts in which the relation of parent and child is regulated by the common law.

The other assignments of error are unimportant, or raise questions which have been passed upon by this court in other cases, and therefore need not now be considered. For the error of the court below in giving the charge we have considered, and for its ruling in refusing a new trial, its judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered May 11, 1886.]