JAMES H. BAKER v. THE FLINT & PERE MARQUETTE
RAILROAD COMPANY.

[See 68 Mich. 90.]

*Railroad companies—Injury to infant—Action by parent—Estoppel
—Contributory negligence.*

1. A recovery by a minor son, in a negligence case prosecuted by
   his father as his next friend, for the value of the loss of his
   services during minority, which is insisted upon by the father
   as an element of the son's damages, is a bar to a recovery by
   the father for the loss of such services in a suit thereafter
   brought in his own name.
2. The question of the contributory negligence of plaintiff and his
   wife in permitting their son to make a play-ground of defend-
   ant's tracks and yards is held to have been a question of fact
   for the jury.

Error to Bay. (Cobb, J.)   Argued March 9, 1892.
Decided April 8, 1892.

Negligence case. Defendant brings error. Reversed.
The facts are stated in the opinion, and in 68 Mich. 90.

*William L. Webber*, for appellant.

*Simonson, Gillett & Courtright*, for plaintiff.

LONG, J. This is a suit to recover damages sustained
by plaintiff, arising out of the same accident that resulted
in his son, Oscar, losing his leg by being run over by
defendant's train of cars on November 5, 1886, at
Eleventh-street depot in Bay City, which case is reported
in 68 Mich. 90. The facts are so fully stated in that
case that it becomes unnecessary to restate them here.

The claim of damages in the present case is for the
loss of Oscar's services during minority, and for money

expended for nursing, medicine, and professional treatment for him.

There are but two questions raised upon this record which we need discuss. They relate to the ruling of the trial court, and its charge to the jury, upon the questions.

1. Whether the plaintiff is estopped from recovery for loss of his son's services during minority by reason of a claimed recovery for the same services in Oscar's suit, where the plaintiff appeared as his next friend.

2. As to the plaintiff's contributory negligence as affecting his right of recovery.

As touching the first question, it appears that the defendant, under its plea of the general issue, gave notice that the said Oscar Baker mentioned in plaintiff's declaration heretofore brought suit in said court, claiming damages for the same cause of action set forth in the declaration in this cause; that said suit was duly tried by said court and a jury, and judgment was rendered therein in favor of the plaintiff; that judgment and costs of said suit have been paid by the defendant herein to the said James H. Baker, as next friend of his said son, Oscar Baker; and that said James H. Baker has signed a receipt therefor in full satisfaction of said judgment and costs.

After the jury had been impaneled in the present case, and plaintiff had offered testimony to support his action, defendant's counsel objected to any proof being received under the declaration, for the reason that in said court, prior to the commencement of this suit, the same plaintiff, James H. Baker, had commenced a suit for the injury of his son, Oscar, in which suit he recovered verdict and judgment, which suit was taken to the Supreme Court, and there affirmed, and that judgment had been satisfied by the defendant; that in that suit plaintiff had recovered damages for the boy, or for

himself as next friend of the boy, for his crippled condition, and his loss of ability to labor, and therefore plaintiff is estopped from maintaining this suit. The court overruled the objection, and rejected the proof offered in support thereof, to which the defendant excepted. The case then proceeded to trial, and at the close of the testimony the counsel for defendant, in his second request, asked the court to charge the jury as follows:

"The plaintiff in this case cannot recover, because he has failed to make out a case, in that—

"a—He previously brought a suit in this court as next friend of his son, Oscar Baker, and recovered, and in his declaration in that suit he complained of the same injury sued on here, and did not limit the claim for damages to those accruing only to said Oscar Baker.

"b—Because the uncontradicted evidence in this case shows that Oscar Baker was guilty of contributory negligence.

"c—Because the uncontradicted evidence in this case shows that plaintiff and his wife, parents of said Oscar Baker, were guilty of contributory negligence."

This request was refused, and the court charged the jury as follows:

"Then comes the loss of the boy's services for the 14 years that would elapse between the time of this accident and the time he would arrive at the age of 21 years. On the amount of this you have no direct evidence, but you have the evidence derived from an inspection of the boy himself, and the father, and the whole family. * * * One question to be gotten at in the matter of damages is: How much worse off in dollars and cents will this plaintiff, James H. Baker, be by reason of the boy having been crippled in the way he is, counting in the loss of his services, and the expenses of taking care of him while he was sick and in the curing of his wound, and the expense of the nurse?"

The court further directed the jury that, as none of the items involved in this suit could be legally proved

or recovered for in the suit brought by Oscar, therefore the plaintiff would not be barred from recovering such damages in this action.

We have looked into the former record,—the suit of Oscar against the defendant company,—and find that the declaration in that case contains two counts. The allegation as to damages in the first count is, after stating the injury and the disorders arising therefrom:

"He so remained for a long space of time, to wit, from thence hitherto, during all of which time he, the plaintiff, suffered great pain, and was hindered and prevented from doing any work and from attending school, and is still so prevented, all to the damage of said plaintiff," etc.

In the second count it is stated that—

"He so remained for a long space of time, to wit, from thence hitherto, during all of which time he, the plaintiff, suffered great pain, and was and is hindered and prevented from doing any work and from attending school, and is, and always will be, hindered and disabled from earning his own living; wherefore the plaintiff says that he is injured and has sustained damage," etc.

Evidence was introduced under that declaration by the plaintiff to sustain his cause of action, and the court charged the jury as follows:

"If you conclude that the plaintiff is entitled to recover, consider then the extent or the amount of damage that he has suffered. * * * Now, in determining that question the jury are to take into consideration the pain and suffering that the plaintiff has endured; * * * also the nature of the injury, and how it will affect him in his future life, so far as his ability to earn money is concerned."

It will be seen from this that the jury must have taken into consideration, in fixing the amount of damages which Oscar was entitled to recover, his inability to labor from the time the injury occurred during the remainder

of his life.   The $5,000 which Oscar recovered in his suit included, therefore, the damages which are sought to be recovered by the plaintiff in this suit.

It is contended upon the part of plaintiff's counsel in this Court that, though Oscar did recover for the value of such services in his suit, yet the plaintiff in the present suit would not be barred from recovery, or estopped from making claim therefor, for the reason that, as matter of law, Oscar had no right to recover for such damages in his suit.   In support of this proposition counsel cite: *Wilton v. Railroad Co.*, 125 Mass. 130; *Railway Co. v. Morin*, 66 Tex. 225 (18 S. W. Rep. 503); *Railroad Co. v. Brinson*, 64 Ga. 475; *Durkee v. Railroad Co.*, 56 Cal. 388.

As we have before stated, the sole ground upon which the plaintiff's counsel now contend for the right to recover damages in behalf of the father, which have once been recovered in behalf of the child by his next friend, is that the child had no legal right to recover for such damages in the action brought by him.

In the case of *Railway Co. v. Morin*, 66 Tex. 225, the action was brought by the minor, by his father as next friend, against the company for personal injuries.   The trial court charged the jury that in estimating damages they had a right to take into consideration his capacity to earn money.   This was held error, for the reason that the services of the infant belonged to the parent during his minority, and not to the infant, unless it was shown that the child had been emancipated by the parent; and the court cited in support of this, *Railroad Co. v. Miller*, 51 Tex. 275, and *Sawyer v. Sauer*, 10 Kan. 519.   The question of the right of the father to recover such damages, though the same had been recovered by the infant in another action, was not involved in the case.

In *Durkee v. Railroad Co.*, 56 Cal. 388, the action was

by the father to recover damages for negligent injury to his infant son, and it was said by the court that "whatever was merely personal to him [the infant] should not enter into the father's damages, because for them the son would have a right of action;" and that court state the rule laid down by Shearman & Redfield, in their work on Negligence (section 608), as follows:

"The damages recoverable by a parent, guardian, or master for a negligent injury to the person of his child or servant are strictly limited to an amount fully compensatory for the consequent loss of service for a period not exceeding the minority of the child, or the term of service of a servant, and the expenses which the plaintiff has incurred in consequence of the injury, such as for surgical attendance, nursing, and the like. * * * Damages awarded upon any other grounds than these clearly belong to the person corporally injured, whose right to sue, it must be remembered, is entirely unaffected by the action of his parent or master. If the latter should be allowed to recover for the pain and suffering of the servant (or child), it would follow either that the servant (or child) could not recover himself for the same cause, or that the negligent person would be liable to pay twice the amount of damage which he had really done. Either alternative is contrary to justice and common sense."

The case, therefore, did not involve the question involved in the present suit, and no such rule was contended for there as here.

In *Railroad Co. v. Brinson*, 64 Ga. 475, the action was by the father, as next friend of his son, to recover damages for negligent injuries. To this suit was filed the plea of the general issue, and a special plea in bar, which was that the father of the plaintiff had brought his individual suit for the same cause of action and for the same injury, which was then pending and undetermined in the same court. On motion this plea was stricken out, and the cause proceeded to trial under the general issue, and plaintiff had judgment. It was held that the striking out

of this plea was not error, for the reason that a minor, being damaged in his person, may bring suit to recover for any permanent injury which he has sustained reaching beyond his majority, while the father may sue for any trespass done or damage sustained whereby he loses the services of the child, as also for any expense incurred in and about the healing and restoring of said child's health. It will be noticed that the question involved in that case is not the same as that involved in the present case; the court holding that it would not bar the infant's right of recovery simply because the father had brought his action in the same court, and had set up in his complaint or declaration a claim for damages of like character as those claimed by the infant in his suit, the court laying down the proper rule of damages under which each might recover.

In *Wilton v. Railroad Co.*, 125 Mass. 130, the action was by the father for the loss of the services of Ellen Wilton, his daughter, occasioned by her being run over by one of defendant's cars. At the trial it appeared that Ellen, in the name of her father as next friend, had brought an action and recovered $5,000 for the injuries done her by this accident. This case is reported in 107 Mass. 108. The trial court was asked to rule upon this that, the former action having been brought by the plaintiff, and money having been paid to him as next friend, he could not bring an action for any loss of services, because he had already been paid therefor. The trial judge refused so to rule, and held the plaintiff entitled to recover the reasonable value of Ellen's net earnings to her father over and above what, but for the accident, her support would have cost, and gave judgment for the plaintiff. The court said in that case:

"The previous suit is not a bar to the present. The money which the plaintiff received in the former action

is not his money, nor can he appropriate it to the payment of labor which the child was bound to perform. The measure of damages in the former action was the injury to the child, and not the injury to the father. It is analogous to the cases, formerly quite frequent, in which for injuries to a wife the husband and wife must join for personal injuries to the wife, but for the expenses incident thereto the husband must bring his sole action in his own name."

It does not appear in that case that in the action which the father brought as next friend for his daughter any claim was made or recovery had for damages for loss of service of the child, or expenses incurred in and about the restoration of the child to health; and the court say that the measure of damages in the former action was the injury to the child, and not the injury to the father. The court very properly held, therefore, that the money which the plaintiff received could not be appropriated to the payment of labor which the child was bound to perform. If the case had been presented to that court which is presented in the present case,—as to whether the father, as next friend, having recovered for the loss of services of the child, could again recover in an action brought by himself for the value of the loss of the same services,—there can be no doubt that that court would have said that it would be contrary to justice and common sense to allow the plaintiff, first as next friend, and second in his own personal interest, to recover damages for the value of the loss of the services of his infant. daughter.

It appears that the plaintiff in this case, as next friend of his son, Oscar, took part in the trial of the former case, and insisted upon a recovery by his son for the very damages—that is, the value of the loss of Oscar's services —which he now seeks to recover in the present case. It. is undoubtedly true that as matter of law Oscar had no

right in his suit to recover such damages without the consent of his father; but he did recover with the consent of his father; therefore the father is now estopped from setting up claim for the same damages in this action in his own name. It is true that the earnings of a minor son belong to the father, unless the father has given him his time and earnings; but the father cannot recover for such earnings when he has emancipated him. *Schoenberg v. Voigt,* 36 Mich. 310; *Allen v. Allen,* 60 Id. 635; *Bell v. Bumpus,* 63 Id. 375. If the case here had been for the earnings of the minor son, and it appeared that in a former action by the son—the father acting as his next friend—he had recovered the value of his wages with the consent of the father, that fact would be held tantamount to manumission of the infant, so far as that suit was concerned, and the father would be estopped from recovery of the same wages. There can be no distinction between such a case and the present; and the fact that the father appeared and prosecuted as next friend was tantamount to a relinquishment of such loss of services. The court should have admitted the evidence, and have directed the jury that no recovery could be had by the father for the loss of such services, as their value had already been recovered by the son with the father's consent.

The amount expended by the father in nursing, medicine, and medical attendance does not seem to have been litigated in the former action, and it therefore becomes necessary to discuss one other question raised.

It is contended that the parents of the child were guilty of contributory negligence in permitting the boy to make a play-ground of the railroad tracks and yards there, and for that reason the plaintiff could not recover. Upon that branch of the case the court charged the jury that—

"Before the plaintiff can recover he must prove not only that the defendant was negligent, but that the negligence of the defendant was the cause of the injury. This means that he must prove that there was no negligence on the part of the plaintiff himself or of the boy which caused or helped or contributed to cause the injury. * * * The boy cannot carelessly run into danger, and then complain, or lay the foundation for his father to complain, if he gets hurt. * * * But children are only required to exercise so much care and discretion as ought reasonably to be expected of their age and mental capacity when placed in that situation. If this boy did all that could reasonably be expected of such a boy as you find him to have been at that time, he did all that the law requires, and was not guilty of such contributory negligence as will prevent the father from recovering damages in this case. If he did not do so, then his father can have no verdict."

Again, the court directed the jury:

"If the plaintiff himself was negligent, and his negligence contributed to bring about the injury, he cannot recover. If he was negligent in allowing the boy—such a boy as this was—to be playing there, or in not preventing him from being there, or omitted any precaution that he ought to have taken under the circumstances, he cannot recover."

Some testimony was given upon the part of the defendant that the boy, Oscar, was frequently about the freightcars in front of the depot, and was in the habit of catching on and jumping off from the cars, and was told by the employés of the railroad company that he would get hurt. Defendant's testimony also shows that the father was advised that his boy, Oscar, was in the habit of coming to the defendant's grounds, and jumping off and on cars, and that he ought to chastise him for it. The father does not deny in his testimony but that he was told of the custom of his boy in playing about the grounds at the depot, but claims it was about a year previous, and that he had cautioned Oscar about playing

about the grounds, and when at home would not allow him to play about the depot, and gave him particular instructions not to do so. The father was a barber, and left home early in the morning for his work, returning to his meals, and was absent during the day and evening. On the day in question the father was away from home. The boy had been to school, crossing the railway track on his way home. Mrs. Baker testified that he got home at 4 o'clock, got a lunch, and went into the yard to play, back of the house; that she looked out and saw him twice playing there; and within 20 or 25 minutes after he first went out to play she heard of his injury upon the railroad track; and until that time she did not know he was out of the yard. We think, under these circumstances, it was a question of fact for the jury to determine whether the plaintiff or Mrs. Baker was guilty of such negligence that the plaintiff could not recover. We find no error in that part of the charge.

For the errors pointed out, however, the judgment must be reversed, with costs, and a new trial ordered.

**The other Justices concurred.**