GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v.
CASSIANO JACKSON, BY NEXT FRIEND.

Decided January 28, 1903.

**1.—Minor—Personal Injury—Damages—Diminished Earning Capacity.**

An instruction in a suit by a minor for personal injuries which permits recovery by him for diminished capacity to earn money during minority, presents reversible error.

**2.—Same—Suit by Father as Next Friend.**

In order that the fact that recovery by a minor of damages for diminished earning capacity during minority by reason of injury to the person, had in a suit by the father as his next friend, can be held a relinquishment of the parent's right rendering such recovery by the minor no ground for reversal, it must appear that such damages were claimed for the son by the father in his petition; it is not sufficient that, as next friend, he is endeavoring to sustain the son's recovery on appeal.

**3.—Charge—Contributory Negligence—Burden of Proof.**

A requested instruction throwing the burden on plaintiff to prove absence of contributory negligence in an action for personal injury, was rightly refused, though proper to be given but for such error.

Appeal from the District Court of Caldwell. Tried below before Hon. L. W. Moore.

*McNeal & Ellis* and *Baker, Botts, Baker, & Lovett,* for appellant.

*E. B. Coopwood, A. B. Storey,* and *G. W. Allen,* for appellee.

KEY, ASSOCIATE JUSTICE.—This is a personal injury suit, resulting in a verdict and judgment for the plaintiff, and the defendant has appealed. The plaintiff is a minor, thirteen years of age, and sues by Orange Jackson, his father, as next friend.

The court's charge on the measure of damages is as follows: "If you find for plaintiff, you will find that amount as will be a fair and just compensation for his injury, estimating his diminished or impaired reasonable ability to earn wages during the expectancy of his life, by virtue of his injury, according to the proof before you."

Error is assigned upon this charge, because it permitted a recovery for the benefit of the minor child on account of diminished capacity to earn wages during his minority. As the services of a minor child belong to the parent, it has been held in this State that instructions similar to the one in question constitute reversible error. Railway Co. v. Miller, 51 Texas, 275; Railway Co. v. Evansich, 63 Texas, 54; Railway Co. v. Morin, 66 Texas, 225.

While conceding the proposition of law that the services of a minor belong to his father, and that the latter can maintain an action to recover for loss thereof, counsel for appellee contend that when the father sues as next friend of the minor and recovers such damages on behalf of the minor, he waives his right to recover therefor himself; and in support of that contention Abeles v. Bransfield, 19 Kan., 20, and Baker

v. Railroad Co., 91 Mich., 298, are relied on. The cases referred to seem to sustain appellee's contention, but the same contention was made in Railway Co. v. Morin, supra, and the Kansas case was there reviewed, and in the course of the opinion our Supreme Court said:

"In Abeles v. Bransfield, 19 Kan., 16, it was held that, when a mother, the surviving parent, commenced and prosecuted to judgment, in her son's name and as his next friend, an action for injuries to his person, the judgment would not be reversed, though it was shown that the mother had never relinquished to her son her right to his services, otherwise than by commencing and prosecuting the action. The grounds for damages which were set out in the petition in that case were, however, except as to money expended by the son, such as would ordinarily give cause of action to the parent alone for loss of services of her child during minority.

"The court in that case evidently held that the assertion, by the parent, as next friend, as ground for damages in favor of her son, of such matters as would ordinarily give cause of action only to the parent, operated to transfer to the minor the right of the parent. No such cause of action as would ordinarily inure to the parent alone for an injury done to a minor child is set up in the petition in this case. On the contrary, the grounds for damage alleged are such as the minor would be entitled to recover upon, and the ground which the charge informed the jury they might consider was not made by the petition one of the grounds upon which damages were sought."

In view of what was said by the Supreme Court in that case, and what seems to us right and proper, we are of opinion that, if it should be held in any case that a recovery by a parent as next friend for a minor will preclude the parent from a recovery in his own behalf for loss of the minor's services, it ought clearly to appear from the plaintiff's petition that a recovery for such loss was sought in behalf of the minor.

In the case at bar, the plaintiff's petition does not, in specific terms, seek a recovery on account of diminished capacity to earn wages during minority. It describes the accident which resulted in such injuries to the plaintiff as required the amputation of both his legs; and avers that, by reason thereof, he was rendered helpless for life and damaged in the sum of $20,000. These averments are all consistent with the right of the minor to recover for his own benefit, without including his diminished capacity to earn wages during minority, and do not indicate that his father intended to assign or waive his own right to recover on account of such diminution. It is true that the father, acting as next friend for the child, and not in his individual right, has appeared by attorneys in this court and asks for an affirmance of the judgment, but he does not appear for himself, and is merely asserting what his counsel claim to be the legal rights of his child; and therefore we do not feel authorized to hold that such appearance and contention should be held to operate as a waiver of the father's rights.

In fact, we are not apprised of the present condition of his individual

right of action. In so far as the transcript shows, before this suit was brought, he may have sued and recovered judgment in his own behalf. It is no answer to this to say that if such were the case that fact could have been pleaded in bar in this case. The plaintiff's petition was not so framed as to indicate that recovery was sought on account of diminished capacity to earn wages during minority; and therefore the defendant was not required to anticipate an adjudication of that question in this case.

Our conclusion is that the charge in question requires a reversal of the judgment.

The court's charge on the question of contributory negligence was couched in general terms, and the defendant requested a special instruction more specific and which should have been given, but for the fact that it was so framed as to place upon the plaintiff the burden of showing that he was not guilty of contributory negligence; whereas, the burden rested upon the defendant to show that he was.

On the other questions of law involved in the case, we rule against appellant, but forego the expression of any opinion upon the merits of the case as developed by the testimony.

For the error indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*