# JUAN ZANABRIA Y GARCÍA

### v.

# PONCE RAILWAY & LIGHT COMPANY.

Ponce, Law, No. 215.

1. The father of a minor who brings suit in the name of the minor as his next friend, for injuries sustained, and recovers, is estopped from afterward suing in his own name for damages sustained by him, based on lack of support, medical attention, etc.

2. Sections 1803 of the Civil Code and 60 and 61 of the Code of Civil Procedure construed.

Opinion filed June 15, 1907.

*C. M. Boerman, Esq.,* attorney for plaintiff.

*Messrs. Pettingill & Leake,* attorneys for defendant.

RODEY, Judge, delivered the following opinion:

This cause is before us on plaintiff's demurrer to defendant's answer. It is a suit at law for damages for loss of services of a minor son and loss of support of the parent by him perhaps during minority and thereafter, and for expenses for doctor's bills, medicines, etc., in and about his treatment, already incurred and to be incurred because of the action of the defendant in negligently running over plaintiff's said son, Alberto Zanabria,

in May, 1906, at Ponce, with one of its street cars, which it is alleged was being negligently pushed ahead of a trolley car, etc.

The issue here is a peculiar and embarrassing one because of the facts surrounding the case. The son of this plaintiff, a little boy, some five years old, was injured by one of the street cars of the defendant company at Ponce, as stated, in May, 1906. This same plaintiff, the boy's father, as his next friend, filed a suit for him, which is No. 212 on the docket of this court, which was tried at the recent 1907 spring term at. Ponce, before a jury. The damages claimed were $20,000, but the jury, after full hearing, argument, and instructions, returned a verdict for only $1,000, in favor of the boy. Now the father files this suit in his own behalf, to recover again for loss of service, and for having to maintain the boy, and for expense of medical care, etc.

The little boy certainly sustained quite serious scalp and other wounds and bruises. While it may be that when he grows up the hair on his head will cover a good deal of the wound, his head is, at the present time, almost shocking in appearance, as the hair has ceased to grow in a great furrow reaching from the forehead back over the side and top of the head, with wide zigzag branches running out from it in two or three places, so that it gives the little one a somewhat hideous appearance. Apart from this, however, the little fellow, when in the court room, appeared to be practically all right physically, but evidence introduced tended to show that he is at times flighty and subject to attacks resembling epilepsy. Physicians, not from their own knowledge, but in answer to hypothetical questions, testified in a sort of unprofitable manner as to whether these alleged attacks would continue.

The idea of recovering twice, or what, in a measure, appar-

ently is twice, on the same cause of action, is repugnant to the lay as well as the legal mind, and the arguments have consequently driven us to the authorities on the subject. Every once in a while a court, when endeavoring to pass on the issues in cases before it, runs across some common-law fiction governing rights and the practice in these modern times that does not appear to comport with human feelings and ideas of exact justice and of right and wrong.

It seems to be a universal rule in the several states of the Union that a parent of a minor child who is injured by the wrongful or negligent act of another cannot recover for the injury as such, because that right of action belongs to the child; but it would appear that in jurisdictions where local statutes warrant it, the parent may recover for any loss sustained by him in consequence of the injury to the child. This latter rule is founded in one of those old fictions to which we have just referred; that is, not upon the parental relation, but on the technical relation of master and servant,—the recovery being on the theory of the loss of services; and in England this principle is followed with such ridiculous strictness as that the right of recovery is denied where the injured child is too young to be capable of rendering any service. It seems that in the several states of the Union, where the injured child is too young to render service, the recovery is restricted to sums expended for medical attendance and other expenses incidental to the injury. See 21 Am. & Eng. Enc. Law, 2d ed., heading, "Parent and Child," pp. 1044, 1045, subhead 6, notes and citations.

We cannot agree with the statement of counsel for defendant here, that the verdict in the former case was exorbitant. On the contrary, we think it was pitifully low, and we would fain have had it much larger. Still, we cannot deny that at the

Zanabria y García v. Ponce Railway & L. Co.

time the case was tried it certainly was understood by the court and was argued to the jury, although no great amount of evidence was introduced on the subject, that the damages to be recovered were intended to compensate for the care of the boy and his medical attendance and for his inability to perform labor and services as he might do in the absence of the injury, both before and after his majority, and the loss to his appearance during all his life. Therefore we will confess that we were astonished when this present case was called to our attention.

From the hasty examination we have made we find the law to be in practically hopeless confusion. There is a case entitled Baker v. Flint & P. M. R. Co., decided by the supreme court of Michigan in 1892, 16 L.R.A. 154, which appears to hold that: "A judgment in favor of a minor in an action brought by his father as next friend, which includes damages for loss of earning capacity from the time of injuries occasioned by defendant's negligence, is a bar to an action by the father personally to recover for loss of services of the son during minority." That case is a pretty well-considered one, and Long, J., who delivered the opinion, cites and distinguishes many cases which it was contended should have induced him to hold the other way. There is a note by the editor of the L.R.A., at the bottom of the first page of this Baker Case, wherein the editor recognizes the fact that to hold that a person is bound by a judgment in any other capacity than that in which he sues is a clear exception to the general rule, and he states: "But the real basis of the decision seems to be an equitable estoppel rather than any technical conclusiveness of the prior adjudication. Having actively aided a recovery by another person, he is clearly estopped thereby from claiming that he himself is the only person who is lawfully entitled to such recovery."

Zanabria y García v. Ponce Railway & L. Co.

In 1904 Porto Rico adopted a Code of Civil Procedure, and § 60 provides that: "A father, or, in case of his death or desertion of his family, the mother, may maintain an action for the injury or death of a minor child . . . when such injury or death is caused by the wrongful act or neglect of another, etc." And the succeeding section provides that: "In every action under this and the preceding section, such damages may be given as, under all the circumstances of the case, be just."

The original cause of action was probably brought under § 1803 of the Civil Code, which provides that a person who, by an act or omission, causes damage to another, when there is fault or negligence, shall be obliged to repair the damage so done. Therefore, when the Code of Civil Procedure provides that the father may maintain the action, it would seem to us as though the legislature intended to avoid multiplicity of suits, and that but one cause of action should exist in such cases.

Having seen the boy, who does not appear to be injured as much as he is disfigured,—and we might state that we were not satisfied with the accuracy of this evidence as to alleged epilepsy, and in this we think the jury's verdict supports us,—we feel that plaintiff in this present suit cannot say that he will be obliged to support the boy after the latter has arrived at twenty-one years of age, or that the boy will be materially incapacitated from performing services during his minority like other boys. The former complaint certainly comprehended his suffering and earning capacity during his minority, and all the authorities hold that when such a recovery has been had, it cannot be recovered for again in another suit. The authorities cited us by counsel for plaintiff in the present suit are not at all satisfactory. Neither has it been profitable for us to examine the

multitude of authorities arising under what is known in England as Lord Campbell's act, and statutes similar to it in the several states of the Union. It is contended that, under the civil-law rule in Porto Rico, the old common-law doctrine that a personal action died with the person did not obtain. This in fact was so held in Borrero v. Compania Anonyma de la Luz Electrica, 1 Porto Rico Fed. Rep. 144, citing Celada v. Chacon, Supreme Court of Spain, 14th December, 1894, 76 Jurisprudencia Civil, 483. But we cannot see how that is at all material here or throws any light upon the difficult problem before us, because this is a case where death has not ensued from the negligence, and, both at the common and civil law, an action accrued to the injured person himself, be he minor or adult. There ought to be a presumption of law in every jurisdiction that, unless the contrary affirmatively appears, it is to be presumed that but one cause of action exists for every wrong. We feel that that is the intention of the local law in Porto Rico, and however much we regret the smallness of the verdict in favor of this boy in the former case, still it was the act of the jury. We therefore hold that the matter is *res judicata* and plaintiff is estopped by his own act.

The demurrer to the answer will therefore be overruled, with costs, and the cause dismissed, and it is so ordered.