*FREDERICK FURSTE v. HENDERSON LITHOGRAPHING CO.

**Father as Next Friend Recovering all Damages for Injuries to Son cannot Recover for Loss of Services.**

A father as next friend having prosecuted an action for his minor son for recovery of all damages from injuries resulting to the said son on account of the alleged negligence of the defendant, including his loss of earning capacity during minority, cannot after the determination of that action prosecute another on his own behalf for loss of services of the son during minority.

ERROR to common pleas court.

*Reversed, no op., **Furste v. Lithographing Co.** 87 O. S. 000; 58 Bull. 115.

Hamilton County.

*Littleford, James, Frost & Foster,* for plaintiff in error.

*C. D. Robertson, C. B. Wilby* and *Mitchell Wilby,* for defendant in error.

**SWING, J.**

An original action was prosecuted by S. Furste, by his father, Fredrich Furste, as next friend, in the United States court against defendant, and in that action judgment was rendered for the defendant.

The present action was prosecuted by Fredrich Furste, the father, for loss of services of the son during minority.

An answer was filed in which, after admitting certain statements, the negligence of defendant is denied, and further answering the defendant sets up the action in the United States court and claims the judgment in that court is a bar to the prosecution of this action.

Plaintiff filed a demurrer in which he divides defendant's answer into three defenses, and these three defenses are no doubt intended to be designated by the numerals 1, 2, 3 on the margin of the answer, placed there, no doubt, after the answer was filed, as there is no statement in the answer that the defendant has the three separate defenses.

In our judgment there are only two defenses pleaded. The first defense denies negligence on the part of the defendant, and the second defense sets up the action in the United States court as a bar to the prosecution of this action. All that is said in the answer as to the suit in the United States court constitutes but one defense. The court below sustained the demurrer to the third defense and overruled the demurrer to the second defense. The plaintiff filed a demurrer dividing up defendant's answer into three defenses. The result was that the court dismissed plaintiff's petition, he not desiring to plead further.

The question as to whether counsel were in error in regarding defendant's answer as setting up three separate defenses was not suggested to us in argument, and the case was argued on the theory that it did contain three separate defenses and that the demurrer to the second defense, which the court overruled,

raised only the question whether a party who. brings an action as next friend is barred from maintaining an action in his own right against the wrongdoer, founded on the one wrongful act.

We fully agree with the contention of the plaintiff in error that the one action is. not a bar to the other, for the simple reason that the parties are not the same. The next friend is not the real party in the action prosecuted by him as next friend. The infant is the real party. In the other action the former next friend is suing in his own right and the infant is not concerned, so that a recovery in one is not a bar to a recovery in the other. *Burkham* v: *Cooper,* 1 Circ. Dec. 371 (2 R. 77); Van Fleet, Former Adj. Sec. 555. No further authorities need be cited. We have found none to the contrary.

But the trouble in this case arises in the pleader dividing up the answer into defenses which we do not think exists. The part of the defendant's answer called second defense does simply set out the action in the United States court and its determination, and says it is a bar to the present action; but the answer goes on to state that in that petition the father sued as next friend for all the loss occasioned by the accident, including whatever claim he may have had as father of the boy, and thereby relinquished to the son his right to recover for his loss of services. There was but one action in the United States court and its determination could constitute but one defense in this action.

Taking this view a somewhat different question is presented from that argued by plaintiff in error.

The question presented by the record, as we view it, is: Can the father, as next friend, bring an action for his minor son for injuries caused by the alleged negligence of the defendant, in which action he sues for all damages resulting to said son by reason of the accident, including his loss of earning capacity, during minority, and after the determination of this action maintain an action in his own behalf for the loss of the services of the son during minority?

Both on principle and authority we think this can not be done. Primarily the wages earned by the son belong to him, the father being responsible for his maintenance, the law gives him the right to take the earnings of the boy as a compensation, but

Hamilton County.

he may waive this right, as most parents do, and permit the boy to collect and spend his earnings; and when the father brings an action for his minor son as next friend, and includes in the action loss of services of the boy during minority, it must be presumed that by so doing he has relinquished to the son whatever right the law gave him for such services. *Baker* v. *Railway*, 91 Mich. 298 [16 L. R. A. 154; 30 Am. St. Rep. 471].

The fact that the court below sustained the demurrer to the so-called third defense should not affect the judgment of this court. The judgment below dismissed the petition of the plaintiff, and according to our view of the rights of the parties on the whole record this was right, and therefore it is immaterial whether the court was in error in regarding the answer as containing three separate defenses and in sustaining the demurrer to the so-called third defense.

Judgment affirmed.

**Smith** and **Jones, JJ.,** concur.