

In The

Court of Appeals

Seventh District of Texas at Amarillo

No. 07-12-00168-CV

OFELIA D. GARCIA, APPELLANT

V.

CARLOS ALFREDO CERDA AND ELISEO CERDA, JR., APPELLEES

On Appeal from the 96th District Court
Tarrant County, Texas
Trial Court No. 096-246065-10, Honorable R. H. Wallace, Presiding

July 15, 2013

MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Ofelia D. Garcia, appeals the trial court's granting of a judgment in favor of Eliseo Cerda, Jr.[1] for medical bills incurred by Cerda while he was a minor. We will reverse and remand with instructions.

---

[1] Eliseo Cerda, Jr.'s father, Eliseo Cerda, Sr., was not a party to this action at the time of trial. Therefore, all references to "Cerda" will refer to Eliseo Cerda, Jr.

Factual & Procedural Background[2]

Initially, we note that Garcia is not contesting the sufficiency of the evidence and, therefore, we will address only the facts necessary for the disposition of the issues raised.

Garcia and Cerda were involved in a vehicle accident on February 14, 2009. Cerda was a passenger in a car driven by his brother, Carlos Alfredo Cerda. At the time of the accident, Cerda was 16 years of age. Cerda received medical care, via chiropractic treatment, through April 15, 2009. Cerda was a minor the entire time he was receiving medical treatment.

During the trial, Garcia advised the trial court that she was objecting to proof of the cost of medical treatment received by Cerda because he was a minor at the time of treatment. In furtherance of that trial position, Garcia objected to the exhibits and testimony tending to prove what medical treatment was received, and, when her objection was overruled, obtained a running objection to that evidence. At the close of evidence, the trial court presented trial counsel with the court's proposed charge to the jury. The proposed jury question concerning Cerda's damages inquired about "Reasonable expenses of necessary medical care incurred in the past." Garcia objected to the submission of the issue contending that all of those amounts were

---

[2] Pursuant to the Texas Supreme Court's docket equalization efforts, this case was transferred to this Court from the Second Court of Appeals. See TEX. GOV'T CODE ANN. § 73.001 (West 2013). That being so, we must decide this case "in accordance with the precedent of the transferor court under principles of stare decisis" if our decision otherwise would have been inconsistent with the precedent of the transferor court. TEX. R. APP. P. 41.3; Phillips v. Phillips, 296 S.W.3d 656, 672 (Tex.App.—El Paso 2009, pet. denied).

incurred when Cerda was a minor, and, as such, Cerda did not have a right to recover those damages. The trial court overruled the objection.

The jury subsequently returned their answers to the jury questions and awarded for Cerda $400 for physical pain and mental suffering sustained in the past. The jury also awarded Cerda $4,708 for reasonable expenses of necessary medical care incurred in the past. Garcia filed a motion requesting the trial court to disregard the jury's answer to question 4(e), regarding the reasonable expenses of necessary medical care incurred in the past. The trial court overruled the motion to disregard by subsequently entering judgment in favor of Cerda as supported by the jury's answers. This appeal followed.[3]

Garcia presents two issues on appeal. First, Garcia contends that the trial court's submission of the jury question regarding reasonable and necessary medical care Cerda incurred in the past was reversible error. Second, Garcia contends that the trial court committed reversible error by failing to disregard the jury's answer regarding the reasonable and necessary medical care incurred in the past. Agreeing with Garcia's first issue, we reverse and remand this matter to the trial court.

## Analysis

Garcia's first issue concerns the court's charge and the jury question involving Cerda's medical expenses in the past. Garcia insists the question should not have

---

[3] Judgment was also entered in favor of Carlos Alfredo Cerda. Garcia has not appealed that portion of the judgment.

been submitted to the jury.[4] We review claimed error in the court's charge under an abuse of discretion standard. See Tex. Dep't of Human Servs. v. E.B., 802 S.W.2d 647, 649 (Tex. 1990). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner, or if it acts without reference to any guiding rules or principles. See Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). A trial court's clear failure to analyze or apply the law correctly constitutes an abuse of discretion. See Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding); Cayton v. Moore, 224 S.W.3d 440, 445 (Tex.App.--Dallas 2007, no pet.).

Texas law has long held that the cause of action for recovery of reasonable and necessary medical expenses incurred by a minor belongs to the minor's parents. See Sax v. Votteiler, 648 S.W.2d 661, 666 (Tex. 1983) (citing Tex. & P. Ry. Co. v. Morin, 66 Tex. 225, 18 S.W. 503 (1886)). The Second Court of Appeals followed this holding in Morrell v. Finke, 184 S.W.3d 257, 290-91 (Tex.App.—Fort Worth 2005, pet. denied). A child may, however, recover damages for pain and suffering after he reaches the age of majority. Id. at 290.

The record before this Court clearly demonstrates that Cerda was a minor at the time of the accident. Further, the record demonstrates that all of the medical treatment he received in connection with the accident was rendered while he was a minor. Under these facts, the trial court acted without reference to any guiding rules or principles when it overruled Garcia's objection to the jury question concerning the reasonable and necessary medical expenses incurred by Cerda. See Downer, 701 S.W.2d at 241-42. This failure of the trial court to analyze and apply the law correctly was an abuse of its

---

[4] Cerda, did not favor us with a response brief.

4

discretion.  See Walker, 827 S.W.2d at 840; Cayton, 224 S.W.3d at 445. Accordingly, we sustain Garcia's first issue.

Additionally, we note that Garcia has not attacked the award to Cerda of $400 for pain and suffering sustained in the past.  Such an award is permissible.  See Morrell, 184 S.W.3d at 290.  Accordingly, that portion of this judgment is affirmed.  Finally, our consideration of Garcia's second issue is pretermitted as a result of our holding herein. See TEX. R. APP. P. 47.1.

## Conclusion

We reverse the judgment of the trial court and remand this cause to the trial court with instructions to enter a judgment in favor of Cerda for pain and suffering sustained in the past along with pre-judgment interest, in conformity with this opinion.

Mackey K. Hancock
Justice